**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4215

QUINTON LEE PHILLIPS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-96-2-C)

Submitted: September 16, 1997

Decided: October 28, 1997

Before WILKINS, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Yvonne T. Griffin, TUCKER & ASSOCIATES, Charlottesville, Vir-
ginia, for Appellant. Robert P. Crouch, Jr., United States Attorney,
Jean B. Hudson, Assistant United States Attorney, Charlottesville,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Quinton Lee Phillips appeals from the 84-month sentence imposed upon his guilty plea to conspiracy to distribute marijuana, 21 U.S.C. § 846 (1994). Phillips claims that the district court erred in determining that a prior conviction for distribution of crack cocaine was not "relevant conduct" within the meaning of the sentencing guidelines, USSG §§ 1B1.3, 4A1.2.[1] Phillips also claims that the district court misapplied USSG § 5G1.3(c) when it ruled that 78 months of his prison sentence were to run consecutive to the undischarged term of imprisonment on his prior conviction. Finding these claims to be without merit, we affirm.

Phillips was indicted in January 1996, along with six members of his family, for conspiracy to distribute marijuana and money laundering. The conspiracy described in the indictment had operated continuously since January 1979. At the time the indictment was returned, Phillips was serving a sixty-month sentence imposed in 1993 for distribution of crack cocaine.[2] In sentencing Phillips for the instant offense, the district court concluded that the 1993 conviction was not "relevant conduct," but rather a "prior sentence," which meant that his sentence would run consecutively if the district court so decided. See USSG §§ 5G1.3(a), (c). Applying USSG § 5G1.3(c), the district court imposed an 84-month prison sentence, 78 of which were to run consecutively to the prior undischarged term of imprisonment. Phillips appeals.

Phillips first claims that the district court erred in concluding that the sale of crack cocaine to the Government's informant during the course of its investigation into the Phillips family marijuana conspiracy was not "relevant conduct" within the meaning of USSG § 1B1.3.

_____

[1] U.S. Sentencing Commission Manual (1995).

[2] Phillips was indicted in 1993 on three counts of federal drug trafficking: two counts of marijuana distribution and one count of crack cocaine distribution. Phillips pled guilty to distributing crack cocaine in return for the dismissal of the other two charges.

We review factual findings as to relevant conduct for clear error. United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994).

The guidelines define "relevant conduct" to include actions that "occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." USSG § 1B1.3(a)(1). Relevant conduct also includes acts "that were part of the same course of conduct or common scheme or plan as the offense of conviction." USSG § 1B1.3(a)(2). In assessing conduct for purposes of USSG § 1B1.3(a)(2), "the sentencing court is to consider such factors as the nature of the defendant's acts, his role, and the number and frequency of repetitions of those acts, in determining whether they indicate a behavior pattern." United States v. Santiago , 906 F.2d 867, 872 (2d Cir. 1990). "The significant elements to be evaluated are similarity, regularity and temporal proximity between the offense of conviction and the uncharged conduct." United States v. Mullins, 971 F.2d 1138, 1144 (4th Cir. 1992). In order to find conduct relevant, "a district court should `look for a stronger presence' of at least one of the components if one of the components is not present at all." Id., quoting United States v. Hahn, 960 F.2d 903, 910 (9th Cir. 1992). "If the uncharged conduct is both solitary and temporally remote, then there must be `a strong showing of substantial similarity.'" Id. See also USSG § 1B1.3, comment. (n.9(B)).

Here the district court concluded that Phillips "did not distribute crack in preparation for the marijuana conspiracy, and he did not do so to avoid detection of or responsibility for the marijuana conspiracy. [Phillips] can only be said to have distributed crack during the commission of the marijuana conspiracy insofar as the crack distribution fell into the seventeen year time period during which the marijuana conspiracy spanned." Finding that a "wide gulf" separated the marijuana conspiracy from the crack distribution, the district court concluded that Phillips' conviction for the latter was not relevant conduct with respect to the former. We do not find that the district court clearly erred in this determination. See United States v. Lewis, 987 F.2d 1349, 1356 (8th Cir. 1993) (finding that single act of flying marijuana into United States was not relevant conduct in sentencing defendant for conspiring to distribute cocaine even though there existed "some relationship" between the two crimes).

3

Phillips also claims that the district court abused its discretion in applying USSG § 5G1.3(c) p.s.**3** <u>See United States v. Puckett</u>, 61 F.3d 1092, 1097 (4th Cir. 1995) (district court's decision to impose a sentence consecutively or concurrently is reviewed for abuse of discretion). Under § 5G1.3(c), the district court may impose a sentence which is concurrent, partially concurrent, or consecutive to the prior undischarged term of imprisonment "to achieve a reasonable punishment and avoid unwanted disparity." USSG § 5G1.3(c), comment. (n.3). The district court is directed to "consider the factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C.§ 3553(a))" and to be "cognizant" of four additional factors provided in the commentary to the guideline. <u>See id.</u> Our review of the transcript of the sentencing hearing reveals that the district court properly considered each of the factors set forth in § 3584 and that it was fully cognizant of the four enumerated factors.**4**

Accordingly, we affirm Phillips' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____

**3** Section 5G1.3(a) applies when the instant offense occurred during the undischarged term of imprisonment and requires a consecutive sentence. Because the district court found that Phillips had withdrawn from the marijuana conspiracy prior to his imprisonment on the 1993 conviction, this section did not apply to Phillips. Section 5G1.3(b) calls for a concurrent sentence when the defendant's undischarged term of imprisonment results from conduct that was fully taken into account as relevant conduct in determining his offense level for the instant offense. This section did not apply to Phillips because the district court determined that the 1993 conviction was not relevant conduct.

**4** Those factors include: (1) the type and length of the prior sentence; (2) the time served on the prior sentence and the time likely to be served prior to release; (3) whether the prior sentence was imposed in state court or federal court; and (4) any other circumstance relevant to the determination of an appropriate sentence for the instant offense.